Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MUND & FESTER GMBH & CO KG a/s/o I.
SCHROEDER KG

      Plaintiff,                                                                         22 Civ.

    - against –                                                                          **COMPLAINT**

HAMBURG SUD A/S & CO KG

      Defendant.
-----------------------------------------------------------X

Plaintiff, Mund & Fester GmbH & Co KG a/s/o I. Schroeder KG by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

## PARTIES

2.    At all material times, MUND & FESTER GMBH & CO KG (hereinafter "M&F" or "Plaintiff") is an insurance company that exist under and by virtue of the laws of Germany with a principal place of business located at Trostbrucke 1, Hamburg 20457, Germany, and is the subrogated underwriter of various consignments of Artichoke Hearts, as more specifically described below.

3. At all material times, I. Schroeder KG, (hereinafter "Schroeder" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of Germany with an office and place of business located 5900 Holabird Avenue, Baltimore, Maryland 21224 and was the owner and consignee of various consignments of Artichoke Hearts, as more specifically described below.

4. At all material times, defendant, HAMBURG SUD A/S & CO KG (hereinafter "Hamburg Sud" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located c/o Maersk Agency USA, Inc. 180 Park Avenue, Florham Park, New Jersey 07932, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

### Claim One

6. In or between August 2021 and October 2021 cargo shipper Danper Trujillo SAC contracted with Hamburg Sud to transport various containerloads of Artichoke Hearts from Callao, Peru to Baltimore, Maryland.

7. On or about October 23, 2021, cargo shipper Danper booked transit with Hamburg Sud for the carriage of 5 containerloads of Artichoke Hearts from Callao, Peru to Baltimore, Maryland. The cargo, laden in containers MRSU4812462, TCKU7699863, TCKU7767470, FFAU2280578 and TRHU5009680, then being in good order and condition, was delivered to Hamburg Sud and/or its agents in Callao, Peru. The cargo was booked for transit on board the M/V

MAERSK VIRGINIA destined for Baltimore, Maryland, all in consideration of an agreed upon freight, all pursuant to Hamburg Sud bill of lading SUDUB1LIM024693A.

8. Thereafter the containers were loaded on board the M/V VIRGINIA MAERSK on or about October 23, 2021, Hamburg Sud bill of lading SUDUB1LIM024693A was issued and the vessel sailed for her intended destination.

9. The aforementioned five containers were discharged in Manzanillo, Panama and transported overland in Panama for transshipment on board the M/V SPIRIT OF HAMBURG in Colon, Panama.

10. The M/V SPIRIT OF HAMBURG arrived in Baltimore on or about November 4, 2021 at which time the aforementioned five containers were discharged.

11. Upon arrival in Baltimore, the five containers were detained by USDA due to potential contamination by wild sugarcane seeds while transiting overland in Panama.

12. During the USDA inspection, it was determined that container TRHU5009680 was contaminated and was further detained by the USDA for cleaning.

13. Cargo owner Schroeder incurred costs of $4,764.45 for the examination, cleaning and drayage.

14. Cargo owner Schroeder was billed $13,978 in demurrage by Hamburg Sud due to the delay incurred in returning the containers following discharge. This delay was caused solely by the failure of Hamburg Sud to properly care for the cargo and containers while said containers were in the sole possession, control and custody of Hamburg Sud.

15. The damage incurred was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

16. As a result of the foregoing, Schroeder suffered damages in the amount of $18,742.45.

17. At all times relevant hereto, a contract of insurance for property damage was in effect between Schroeder and M&F, which provided coverage for, among other things, sue and labor expenses incurred during transit of the aforementioned consignments of Artichoke Hearts.

18. Pursuant to the aforementioned contract of insurance between Schroeder and M&F, monies have been expended on behalf of Schroeder to the detriment of M&F due to the damages sustained during transit.

19. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, M&F has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

20. Schroeder, in addition, assigned the deductible portions of the claim to M&F.

21. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $18,742.45.

<u>Claim Two</u>

22. On or about August 28, 2021, cargo shipper Danper booked transit with Hamburg Sud for the carriage of five containerloads of Artichoke Hearts from Callao, Peru to Baltimore, Maryland. The cargo, laden in containers MIEU3048660, MTSU9628852, TCKU6802468, TRHU6195362 and MRSU4549309, then being in good order and condition, was delivered to Hamburg Sud and/or its agents in Callao, Peru. The cargo was booked for transit on board the M/V

MAERSK VIRGINIA destined for Baltimore, Maryland, all in consideration of an agreed upon freight, all pursuant to Hamburg Sud bill of lading SUDUB1LIM0171761 dated August 28, 2021.

23. Thereafter the containers were loaded on board the M/V MAERSK VIRGINIA on or about August 28, 2021, Hamburg Sud bill of lading SUDUB1LIM0171761was issued and the vessel sailed for her intended destination.

24. The aforementioned five containers were discharged in Manzanillo, Panama and transported overland in Panama for transshipment on board the M/V DUBLIN EXPRESS in Colon, Panama.

25. The M/V DUBLIN EXPRESS arrived in Baltimore on or about September 18, 2021 at which time the aforementioned five containers were discharged.

26. Upon arrival in Baltimore, the five containers were detained by USDA due to potential contamination by wild sugarcane seeds while transiting overland in Panama.

27. During the USDA inspection, it was determined that container MTSU9628852 was contaminated and was further detained by the USDA for cleaning.

28. Cargo owner Schroeder incurred costs of $4,673.45 for the examination, cleaning and drayage.

29. Cargo owner Schroeder was billed $12,143.00 in demurrage by Hamburg Sud due to the delay incurred in returning the containers following discharge. This delay was caused solely by the failure of Hamburg Sud to properly care for the cargo and containers while said containers were in the sole custody, control and possession of Hamburg Sud.

30. The damage incurred was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

31. As a result of the foregoing, Schroeder suffered damages in the amount of $16,826.45.

32. At all times relevant hereto, a contract of insurance for property damage was in effect between Schroeder and M&F, which provided coverage for, among other things, sue and labor expenses incurred during transit of the aforementioned consignments of Artichoke Hearts.

33. Pursuant to the aforementioned contract of insurance between Schroeder and M&F, monies have been expended on behalf of Schroeder to the detriment of M&F due to the damages sustained during transit.

34. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, M&F has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

35. Schroeder, in addition, assigned the deductible portions of the claim to M&F.

36. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $16,826.45.

<center>Claim Three</center>

37. On or about October 30, 2021, cargo shipper Danper booked transit with Hamburg Sud for the carriage of five containerloads of Artichoke Hearts from Callao, Peru to Baltimore, Maryland. The cargo, laden in containers TCKU7798681, MRSU4365549, TRHU4147724, TRHU4981871 and HASU5169448, then being in good order and condition, was delivered to Hamburg Sud and/or its agents in Callao, Peru. The cargo was booked for transit on board the M/V RHINE MAERSK destined for Baltimore, Maryland, all in consideration of an agreed upon

freight, all pursuant to Hamburg Sud bill of lading SUDUB1LIM028658A, dated on or about October 30, 2021.

38. Thereafter the containers were loaded on board the M/V RHINE MAERSK on or about October 30, 2021, Hamburg Sud bill of lading SUDUB1LIM028658A was issued and the vessel sailed for her intended destination.

39. The aforementioned five containers were discharged in Manzanillo, Panama and transported overland in Panama for transshipment on board the M/V DUBLIN EXPRESS at Colon, Panama.

40. The M/V DUBLIN EXPRESS arrived in Baltimore on or about November 20, 2021 at which time the five containers were discharged.

41. Upon arrival in Baltimore, the five containers were detained by USDA due to potential contamination by wild sugarcane seeds while transiting overland in Panama.

42. During the USDA inspection, it was determined that containers MRSU4365549 and TRHU4981871 were contaminated and were further detained by the USDA for cleaning.

43. Cargo owner Schroeder incurred costs of $7,457.85 for the examination, cleaning and drayage.

44. Cargo owner Schroeder was billed $44,712.00 in demurrage by Hamburg Sud due to the delay incurred in returning the containers following discharge. This delay was caused solely by the failure of Hamburg Sud to properly care for the cargo and containers while said containers were in the sole custody, control and possession of Hamburg Sud.

45. The damage incurred was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the defendant, and/or its agents.

46. As a result of the foregoing, Schroeder suffered damages in the amount of $52,169.85.

47. At all times relevant hereto, a contract of insurance for property damage was in effect between Schroeder and M&F, which provided coverage for, among other things, sue and labor expenses incurred during transit of the aforementioned consignment of Artichoke Hearts.

48. Pursuant to the aforementioned contract of insurance between Schroeder and M&F, monies have been expended on behalf of Schroeder to the detriment of M&F due to the damages sustained during transit.

49. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, M&F has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

50. Schroeder, in addition, assigned the deductible portions of the claim to M&F.

51. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $52,169.85.

## AS AND FOR A FIRST CAUSE OF ACTION

52. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 51, inclusive, as if herein set forth at length.

53. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

54. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods, all of which resulted in various containers being detained due to contamination and resulted in costs and expenses to the cargo receiver.

55. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $87,738.75.

56. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $87,738.75.

## AS AND FOR A SECOND CAUSE OF ACTION

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 51, inclusive, as if herein set forth at length.

58. At the time of the aforementioned incident, Defendant together with the entities it hired to act on its behalf, was acting as bailee of the aforementioned cargo and in its own capacity, or through its contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to it. Defendant also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

59. Defendant breached its duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

60. As a direct and proximate result of said breach of bailment by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $87,738.75.

61. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $87,738.75.

## AS AND FOR A THIRD CAUSE OF ACTION

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 51, inclusive, as if herein set forth at length.

63. The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the aforementioned cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

64. The Defendant breached and was negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

65. As a direct and proximate result of the negligent acts committed by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $87,738.75.

66. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $87,738.75.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.  That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $87,738.75 plus interest and costs; and

3.  That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
August 15, 2022
260-315

                                            **CASEY & BARNETT, LLC**
                                            Attorneys for Plaintiff

By: *Martin Casey*
                                            Martin F. Casey
                                            305 Broadway, Ste 1202
                                            New York, New York 10007
                                            (212) 286-0225